IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
SEP 27 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| BACUS LABORATORIES, INC., | ) Civil Action No. 02 CV 9073 |
| Plaintiff, | ) |
| v. | ) The Honorable Matthew F. Kennelly |
| APERIO TECHNOLOGIES, INC. and DAKOCYTOMATION CALIFORNIA, INC. d/b/a DAKO CORPORATION, | ) Magistrate Judge Ian H. Levin ) ) DECLARATION OF NICHOLAS T. PETERS IN ) SUPPORT OF PLAINTIFF'S RENEWED ) MOTION TO COMPEL DISCOVERY |
| Defendants. | ) |

DOCKETED
OCT 04 2004

I, NICHOLAS T. PETERS, declare:

1. I am one of the attorneys from the firm of Fitch, Even, Tabin & Flannery, 120 South LaSalle Street, Suite 1600, Chicago, Illinois 60603, who represents Plaintiff, Bacus Laboratories, Inc. ("Bacus"), in the above-captioned action for patent infringement against Defendants, Aperio Technologies, Inc. ("Aperio") and Dakocytomation California, Inc. d/b/a Dako Corporation ("Dako") (collectively "Defendants").

2. I have personal knowledge of the matters set forth herein.

3. I make this Declaration in support of Plaintiff's Renewed Motion to Compel Discovery.

4. In accordance with FED. R. CIV. P. 37 and Local Rule 37.2, counsel for Bacus hereby certifies that it conferred in good faith with counsel for Defendants in an effort to secure the information sought by the present motion without court action. Unfortunately, these efforts were



unsuccessful. The subject information and our efforts to secure such information are outlined in the following paragraphs.

5. On February 23, 2004, Bacus filed its Plaintiff's Combined Motion to Compel Answers to Interrogatories and Memorandum in Support Thereof requesting full and complete answers to contention interrogatories served May 23, 2003, to Aperio and July 22, 2003, to Dako. (Ex. 1.)

6. At the subsequent hearing on February 26, 2004, Bacus withdrew its motion without prejudice (Ex. 2), but the Court stated that "I am telling you right now that it is time for everybody to give full and complete answers to the contention interrogatories." (Ex. 3 at 9.)

7. In a letter dated June 23, 2004, to Defendants' counsel, Anthony Dain, Bacus's counsel, Karl Fink, confirmed that Defendants would supplement their responses to contention interrogatories by June 30, 2004. (Ex. 4.)

8. After receiving Defendants' second supplemental responses on July 6, 2004 (Exs. 5 and 6), Mr. Fink notified Mr. Dain in a letter dated July 14, 2004 (Ex. 7), that these responses repeated the shortcomings of their previous responses, including their responses to interrogatory numbers 1-3.

9. On July 22, 2004, I notified Defendants' counsel, Pattric Rawlins, in an e-mail that Bacus had not received a response to Mr. Fink's July 14th letter. (Ex. 8.) In the e-mail I proposed a Rule 37 conference to meet and confer regarding the contention interrogatories among other issues. (*Id.*)

10. After not receiving a response regarding Defendants' counsel's availability to meet and confer, I notified Mr. Rawlins in a letter dated July 27, 2004 (Ex. 9.), that Bacus would renew its motion to compel answers to interrogatories if Defendants' counsel did not respond.

11. The parties conducted a meet and confer conference by telephone attended by me and attorneys Mr. Rawlins and Mr. Dain for Defendants on July 28, 2004. The parties agreed to provide supplemental interrogatory responses on a schedule to be set the following day. On July 29, 2004, I confirmed with Mr. Rawlins that the Defendants would supplement their answers to contention interrogatories on August 23, 2004, after Bacus had supplemented its answers on August 2, 2004. (Ex. 10.)

12. In a letter dated August 18, 2004, Mr. Fink reiterated Bacus's request to Mr. Dain that Defendants provide detailed responses regarding their non-infringement and invalidity claims. (Ex. 11.) Mr. Fink also advised that Bacus would contend that any such claims are waived if such contentions were not timely disclosed. (*Id.*)

13. In separate phone conversations with Mr. Rawlins and Defendants' counsel, Victor Felix, I agreed to two separate extensions of time such that the Defendants would serve updated interrogatory answers on September 3, 2004. The answers were not provided on the agreed date.

14. On September 7, 2004, from approximately 1:30 p.m. to 2:30 p.m., I and Mr. Fink on behalf of Bacus and attorneys Mr. Dain and Mr. Rawlins on behalf of Defendants participated in a pre-scheduled telephone conference to address various discovery issues. (Ex. 12.) Counsel for Defendants indicated that their updated interrogatory responses would follow shortly.

15. After not receiving the promised interrogatory responses, I contacted Mr. Rawlins by telephone on September 16, 2004, whereby Mr. Rawlins promised that Defendants' supplemental responses would be served September 22, 2004. (Ex. 13.) In a letter dated September 17, 2004, Mr. Fink notified Defendants' counsel that no further extensions of time would be granted. (Ex. 14.)

16. On September 22, 2004, Bacus's counsel received supplemental interrogatory responses from Dako. (Ex. 15.) On September 23, 2004, Bacus's counsel received supplemental interrogatory responses for Aperio. (Ex. 16.) As explained in detail in the Motion, seven months after the Court's statement that all contention interrogatories should be fully answered, and after one month of extensions of time for Defendants to provide complete responses, Defendants' supplemental responses are still completely inadequate. Thus, the undersigned does not believe that any further efforts to secure this information without Court action would be fruitful.

15. Exhibits 1-17 and 19 are true and accurate copies of the documents prepared, received and/or produced in connection with this action. Exhibit 18 is a true and accurate copy of a case cited in the Motion and not available from West reporters.

FURTHER DECLARANT SAITH NOT.

I DECLARE under penalty of perjury that the foregoing is true and correct.

Executed on September 27, 2004.

_____
Nicholas T. Peters

*See Case File for Exhibits*

Case: 1:02-cv-09073 Document #: 70 Filed: 09/27/04 Page 5 of 5 PageID #:527