

**FILED**

APR 1 4 2005

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| BACUS LABORATORIES, INC., | ) | Civil Action No. 02 CV 9073 |
| | ) | Consolidated with No. 03 CV 2352 |
| Plaintiff, | ) | |
| | ) | The Honorable Matthew F. Kennelly |
| v. | ) | |
| | ) | Magistrate Judge Ian H. Levin |
| APERIO TECHNOLOGIES, INC., and | ) | |
| DAKOCYTOMATION CALIFORNIA, INC., d/b/a | ) | |
| DAKO CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## RENEWED MOTION FOR LEAVE
## TO FILE DEPOSITION TRANSCRIPTS UNDER SEAL

Pursuant to the Court's instructions in its denial[1] of the motion for leave to file deposition

transcripts under seal,[2] defendants, Aperio Technologies, Inc. ("Aperio") and Dakocytomation

California Inc. ("Dako") (collectively "Aperio"), submit this renewed motion. According to

*Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943 (7th Cir. 1999), and the

Court's instructions, a showing of good cause is required to demonstrate why part of the record

in the case should be sealed.

In the status conference held April 7, 2005, the Court instructed plaintiff Bacus

Laboratories, Inc. ("Bacus") to provide Aperio with specific designations of confidential subject

matter in the deposition transcripts of James W. Bacus and James V. Bacus and a demonstration

of good cause for those designations so that Aperio could file its motion for reconsideration of

the claim construction ruling without further delay. On April 13, Bacus faxed a letter[3] to Aperio

providing the specific designations and the reasons for the confidential designation.

---

[1] Exhibit A (CourtWatch Order)
[2] Exhibit B (Defendants' Motion for Leave to File Deposition Transcripts Under Seal)
[3] Exhibit C (April 13, 2005 Letter from N.Peters to P.Rawlins)

WHEREFORE, Aperio respectfully moves the Court for the entry of an Order permitting

Aperio to file under seal those portions of the deposition transcripts of James W. Bacus and

James V. Bacus where good cause has been demonstrated, and permitting Aperio to file without

confidential designation those portions where good cause has not been demonstrated.


                                        APERIO TECHNOLOGIES, INC. and
                                        DAKO CORPORATION


                                        By: _Shannon L. Clark_____
                                              One of its attorneys

Anthony J. Dain (Pro Hac Vice)                  Robert A. Carson
Pattric J. Rawlins (Pro Hac Vice)               Shannon L. Clark
Procopio, Cory, Hargreaves & Savitch LLP        GOULD & RATNER
530 B Street, Suite 2100                        222 North LaSalle Street, Eighth Floor
San Diego, California 92101-4469                Chicago, IL 60601
Telephone:    (619) 238-1900                    Telephone:    (312) 236-3003
Facsimile:    (619) 235-0398                    Facsimile:    (312) 236-3241

## 1 Rulings for Judge Matthew F. Kennelly
### and Case No: 02-cv-09073
### dated on or after 04/04/05
### as of 04/05/05 at 10:26:30

SEND TO PRINTER      DONE

| Date | Case # | Caption | Title | Judge | Posted |
|------|--------|---------|-------|-------|--------|
| 04/05/05 | 02cv09073 | Bacus Lab v. Aperio Tech | Minute Order | Matthew F. Kennelly | 03/30/05 |

**Description**

Defendants' motion for leave to file deposition transcripts under seal is denied without prejudice to the filing of a renewed motion which describes good cause (not simply agreement by counsel) as to why part of the record in the case should be sealed.

SEND TO PRINTER      DONE

**Exhibit A**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| BACUS LABORATORIES, INC., | ) | Civil Action No. 02 CV 9073 |
| | ) | Consolidated with No. 03 CV 2352 |
| Plaintiff, | ) | |
| | ) | The Honorable Matthew F. Kennelly |
| v. | ) | |
| | ) | Magistrate Judge Ian H. Levin |
| APERIO TECHNOLOGIES, INC., and | ) | |
| DAKOCYTOMATION CALIFORNIA, INC., d/b/a | ) | |
| DAKO CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | **RECEIVED** |
| | ) | |

### NOTICE OF MOTION

MAR 2 4 2005

TO: John F. Flannery
Karl R. Fink
Michael G. Vranicar
FITCH, EVEN, TABIN & FLANNERY
120 South LaSalle Street, Suite 1600
Chicago, IL 60603-3406

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

PLEASE TAKE NOTICE that at *9:30* a.m. on the *5th* day of ~~March~~ *April*, 2005, we shall appear before the Honorable Matthew F. Kennelly, at the United States District Court for the Northern District of Illinois, Eastern Division, 219 South Dearborn Street, Chicago, IL 60604 and shall then and there present Defendants' **Motion for Leave to File Deposition Transcripts Under Seal**, a copy of which is attached hereto and herewith served upon you.

APERIO TECHNOLOGIES, INC. and
DAKO CORPORATION

By: *Shannon L. Clark*
One of its attorneys

Anthony J. Dain (Pro Hac Vice)
Pattric J. Rawlins (Pro Hac Vice)
Procopio, Cory, Hargreaves & Savitch LLP
530 B Street, Suite 2100
San Diego, California 92101-4469
Telephone:     (619) 238-1900
Facsimile:     (619) 235-0398

Robert A. Carson
Shannon L. Clark
GOULD & RATNER
222 North LaSalle Street, Eighth Floor
Chicago, IL 60601
Telephone:     (312) 236-3003
Facsimile:     (312) 236-3241

**Exhibit B**

/279790.v 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

BACUS LABORATORIES, INC.,        )   Civil Action No. 02 CV 9073
                              )   Consolidated with No. 03 CV 2352
       Plaintiff,           )
                              )   The Honorable Matthew F. Kennelly
v.                           )
                              )   Magistrate Judge Ian H. Levin
APERIO TECHNOLOGIES, INC., and   )
DAKOCYTOMATION CALIFORNIA, INC., d/b/a   )
DAKO CORPORATION,            )
                              )
       Defendants.         )

## MOTION FOR LEAVE TO FILE DEPOSITION TRANSCRIPTS
## UNDER SEAL

Defendants, Aperio Technologies, Inc. ("Aperio") and Dakocytomation California Inc.

("Dako") (collectively "Aperio"), move this Court, pursuant to Local Rule 26.2, for the entry of

an Order directing that the transcripts of the depositions of the inventors of the '235 Patent be

filed under seal. In support of this motion, Aperio states as follows:

1.     On January 21, 2004, this Court entered a Stipulated Protective Order Governing

Exchange of Confidential Information. (Attached as Exhibit A). In executing the Protective

Order, the parties agreed that information that was to be exchanged in connection with this

lawsuit may have included trade secrets or other confidential research, and/or development or

commercial information. (Exhibit A, Recitals, ¶ 2).

2.     The Order provides, in relevant part, that a Producing Party may designate all or a

portion of any deposition testimony as Confidential Information by stating on the record that

such testimony is "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY."

(Exhibit A, at Parts II A, C).

3.    Under the terms of the Protective Order, disclosure of information designated as "CONFIDENTIAL – ATTORNEYS EYES ONLY" shall be limited to (i) outside counsel for the Requesting Party and their agents (as more specifically defined in the Protective Order); (ii) outside consultants or experts retained by a Requesting Party; and (iii) court reporters, videographers, and Court personnel, as necessary. (Exhibit A, at Part III A).

4.    If a party wants to submit a brief to the Court containing Confidential Information, that party must first obtain an order permitting the Confidential Information to be filed under seal. (Exhibit A, Party IV A).

5.    Plaintiff's counsel designated the entirety of deposition testimony of the inventors of the '235 Patent, James V. Bacus and James W. Bacus, as "CONFIDENTIAL – ATTORNEYS EYES ONLY." Aperio wishes to attach these transcripts (hereinafter, the "Bacus Transcripts") as Exhibit E in support of a Motion for Reconsideration of the March 1, 2005 Claim Construction Ruling which it intends to file with this Court.

6.    Before Aperio can do so, however, it must first obtain leave to file the Bacus Transcripts under seal. Accordingly, Aperio requests that this Court enter an Order:

   a.    permitting it to file the deposition transcripts of James V. Bacus and James W. Bacus under seal;

   b.    restricting access to the sealed Bacus Transcripts to the attorneys of record in this case and this Court (limited to Your Honor and personnel in Your Honor's Chambers); and

   c.    ordering that the sealed Bacus Transcripts filed as Exhibit E to Aperio's Motion for Reconsideration be expunged from the Court's files and

destroyed following the final resolution of this lawsuit, including any

appeals.

WHEREFORE, Aperio respectfully requests that this Court enter an Order permitting it

to file the transcripts of the depositions of James V. Bacus and James W. Bacus under seal, and

granting it all other relief that it deems just.

APERIO TECHNOLOGIES, INC. and
DAKO CORPORATION


By: _Shannon L. Clark_____
         One of its attorneys

Anthony J. Dain (Pro Hac Vice)
Pattric J. Rawlins (Pro Hac Vice)
Procopio, Cory, Hargreaves & Savitch LLP
530 B Street, Suite 2100
San Diego, California 92101-4469
Telephone:      (619) 238-1900
Facsimile:      (619) 235-0398

Robert A. Carson
Shannon L. Clark
GOULD & RATNER
222 North LaSalle Street, Eighth Floor
Chicago, IL 60601
Telephone:      (312) 236-3003
Facsimile:      (312) 236-3241

## CERTIFICATE OF SERVICE

I, Mary A. Nelson, a non-attorney, hereby depose and state that I caused a true and correct copy of Defendants' Notice of Motion and Motion for Leave to File Deposition Transcripts Under Seal, a copy of which is attached, to be served, by mailing same with first-class postage prepaid from the United States mail chute located at 222 North LaSalle Street, Chicago, IL 60601, prior to 5:00 p.m. on Thursday, March 24, 2005 upon:

John F. Flannery
Karl R. Fink
Michael G. Vranicar
FITCH, EVEN, TABIN & FLANNERY
Suite 1600
120 South LaSalle Street
Chicago, IL 60603-3406
(312) 577-7000

Mary A. Nelson

/279790.v 1

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 9073 | DATE | 1/26/2004 |
| CASE TITLE | Bacus Laboratories, Inc. vs. Aperio Technologies, et al. | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOCKET ENTRY:

| | | |
|---|---|---|
| (1) | ☐ | Filed motion of [ use listing in "Motion" box above.] |
| (2) | ☐ | Brief in support of motion due _____. |
| (3) | ☐ | Answer brief to motion due _____. Reply to answer brief due _____. |
| (4) | ☐ | Ruling/Hearing on _____ set for _____ at _____. |
| (5) | ☐ | Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (6) | ☐ | Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (7) | ☐ | Trial[set for/re-set for] on _____ at _____. |
| (8) | ☐ | [Bench/Jury trial] [Hearing] held/continued to _____ at _____. |
| (9) | ☐ | This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2). |
| (10) | ■ | [Other docket entry]  The parties' agreed motion to enter a protective order is granted. |
| (11) | ■ | [For further detail see order (on reverse side of/attached to) the original minute order.] |

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | JAN 2 9 2004 | 44 |
| | Notified counsel by telephone. | date docketed | |
| X | Docketing to mail notices. | | |
| | Mail AO 450 form. | 1/26/2004 | |
| | Copy to judge/magistrate judge. | date mailed notice | |
| DS | courtroom deputy's initials | DS | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

**Exhibit A**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Bacus Laboratories, Inc., <br><br> Plaintiff <br><br> v. <br><br> Aperio Technologies, Inc., and <br> Dakocytomation California, Inc. d/b/a <br> Dako Corporation, <br><br> Defendants | Civil Action No. 02 CV 9073 <br> Consolidated with No. 03 CV 2352 <br><br> **STIPULATED PROTECTIVE ORDER <br> GOVERNING EXCHANGE OF <br> CONFIDENTIAL INFORMATION** <br><br> Honorable Matthew F. Kennelly <br> Magistrate Judge Ian H. Levin |

**DOCKETED**

**JAN 2 9 2004**

Bacus Laboratories, Inc., ("Bacus"), Aperio Technologies, Inc., ("Aperio"), and Dakocytomation California, Inc. ("Dako") (individually referred to as "Party" and collectively referred to as "Parties") have stipulated to a protective order governing the exchange of confidential information as follows:

## RECITALS

1. The Parties are engaged in formal discovery pursuant to the Federal Rules of Civil Procedure;

2. The Parties assert that discovery will require the disclosure of information or matters that include trade secret or other confidential research, development, or commercial information within the meaning of Rule 26 of the Federal Rules of Civil Procedure;

3. The Parties agree to enter into this Stipulated Protective Order ("Order") to avoid the time and expense to be incurred by the Parties in connection with formal motions and requests for hearings seeking protective orders from the Court.

44

## AGREEMENT

I.     DEFINITIONS.

   A. "Confidential Information" shall mean any information and things, whether revealed during a deposition, in a document, in a discovery response or otherwise, which information and things are included in the following categories:

   1.   Technical Information including technical specifications, product development plans, product design documentation, source code, manufacturing documentation, bill of materials, built-to-print drawings, grant applications, invention disclosures, provisional patent applications, patent applications, and trade secrets.

   2.   Business Information including customer lists, customer files, customer communications, sales quotations, prospect lists, business plans, market research, marketing strategies, regulatory plans & strategies, sales forecasts, pricing information, partnership agreements, board minutes and materials, investor lists, investor files, investor agreements, stock option plans, stock option agreements, compensation information, employee lists, consultant lists, financial information, and vendor lists.

   B. "Producing Party" shall mean any Party, or non-party, who produces for inspection, provides access to, provides copies of, or otherwise discloses Confidential Information to any other Party.

   C. "Requesting Party" shall mean any Party who requests the production, provision of access, provision of copies, or disclosure of Confidential Information from a Producing Party.

   D. "Receiving Party" shall mean any Party who receives the Confidential Information of another Party.

II.     ADMINISTRATION AND LOGISTICS.

   A. Designation.  For written discovery or deposition testimony, Confidential Information may be designated by the Producing Party as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY."

B. **Discovery Requests.** For written discovery responses and for documents and things produced in response to discovery requests which constitute or contain Confidential Information, the responses or documents, as the case may be, shall be designated by the Producing Party at the time of production by stamping or otherwise affixing thereto a designation as provided in Section II.A.

C. **Deposition Testimony.** If during the course of a Producing Party's deposition, such Producing Party believes all, or a portion, of its testimony constitutes Confidential Information, at any time during the course of the deposition, counsel for the Producing Party may designate that all, or a portion, of the testimony and resulting deposition transcript is Confidential Information by stating on the record that such information is **"CONFIDENTIAL"** or **"CONFIDENTIAL – ATTORNEYS EYES ONLY"** as provided in Section II.A. If the Producing Party designates any portion of the testimony as **"CONFIDENTIAL – ATTORNEYS EYES ONLY,"** then only those persons authorized under section III.A may remain present during the testimony. If the Producing Party designates any portion of the testimony as **"CONFIDENTIAL,"** then only those persons authorized under section III.B may remain present during the testimony.

D. **Copies of Confidential Information.** The Parties agree to the following parameters for the production of Confidential Information. Legible photocopies of documents, and where reasonably possible, inspected things, may be used for all purposes in this action in the place of, and to the extent that, "originals" may be so used. The "original" of the document, to the extent and in whatever form it may be found in the files of a Party, and the original things, shall be made available for inspection at reasonable times upon reasonable request of the Requesting Party.

E. **Inadvertent Disclosures.** If a Producing Party at any time notifies the Requesting Party, in writing, that it inadvertently produced documents, testimony, information, and/or things that are protected from disclosure under the attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity from disclosure, the Requesting Party shall not

review, or shall cease review if then currently reviewing such items, and return all copies of such documents, testimony, information, and/or things to the Producing Party within five (5) business days of receipt of such notice. The Requesting Party shall not use such items for any purpose until further order of the Court. The return of any discovery item to the Producing Party shall not preclude the Requesting Party from moving the Court for a ruling that: (i) the document or thing was never privileged or protected; or (ii) the privilege or protection has been waived.

F. **Inadvertent Production Without Designation.** The inadvertent production of any document or thing without a Confidential designation shall be without prejudice to a subsequent claim that such material is Confidential. If the Producing Party asserts that such materials include Confidential Information, the Receiving Party shall take prompt steps to ensure that all known copies of such material are marked Confidential and treated as such. Nothing in this section shall preclude a Party from challenging the propriety of the claim of confidentiality.

III. **AUTHORIZED ACCESS TO AND USE OF CONFIDENTIAL INFORMATION.**

A. Access to, and disclosure of, all documents, testimony, information, and things received by counsel for a Receiving Party pursuant to discovery, which are designated "CONFIDENTIAL – ATTORNEYS EYES ONLY" shall be limited to the following persons:

    1.    Outside counsel for the Requesting Party, and their paralegals, administrative assistants, secretaries, and support staff, and litigation support services, including without limitation, copy services, document production services, exhibit-making services, translation services, coding services, scanning services, animation services, jury consultants and mock jurors. It will be the responsibility of each of the Parties' undersigned counsel to ensure compliance with the protective order. Execution of this Order by undersigned counsel shall constitute a representation that outside counsel for the Parties shall use reasonable best efforts to ensure that all such persons shall observe the terms of this Order;

    2.    Subject to Section V of this Order, outside consultants, or experts retained by a Requesting Party in this litigation who are not employees of the Requesting Party

or its affiliates, and who do not have any subsisting or ongoing employment or retainer relationship with a Requesting Party, and who shall agree to be bound by this Order to the same extent as if they were a party to this agreement and shall not use a Producing Party's Confidential Information: (i) for the benefit of the Requesting Party other than in connection with this litigation; or (ii) for the benefit of any other person or entity; and

3.    Court reporters, videographers, and Court personnel, as necessary.

B.  Access to, and disclosure of, all documents, testimony, information, and things received by counsel for a Receiving Party pursuant to discovery, which are designated "CONFIDENTIAL" shall be limited to the following persons:

1.    All persons described in section III.A;

2.    In-house counsel for the Requesting Party, and their paralegals, administrative assistants, secretaries, and support staff. Execution of this Order by undersigned counsel shall constitute a representation that all such persons shall observe the terms of this Order;

3.    Any witness testifying in a deposition in this case, regardless of the current status of his or her employment, if: (i) the witness is listed as an author or recipient on the face of such Confidential Information; and/or (ii) the lawyer disclosing such Confidential Information has a good-faith reasonable belief based upon the witness's testimony that the witness may have access to the Confidential Information; and

4.    James W. Bacus of Bacus;

Dirk G. Soenksen of Aperio; and

Jes Ostergaard of Dako.

C. Use and/or dissemination of Confidential Information, whether designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" shall be in strict accordance with Sections IV – VIII of this Order.

IV.    BRIEFS CONTAINING CONFIDENTIAL INFORMATION.

A. If a party wishes to submit to the Court any Confidential Material, or to use or refer to the same in briefs, affidavits, or any other document or submissions, the parties shall confer in good faith in an effort to reduce or eliminate the amount of Material which is designated as Confidential. If a party still wishes to submit Confidential Material to the Court, the party shall file a motion for an order permitting the documents or submissions which contain Confidential Material to be filed under seal. Pursuant to Section VIII, this motion may alternatively challenge the designation of any Material as Confidential.

B. If a party wishes to introduce any Confidential Material on the public record at a hearing or trial, such party shall give the producing party reasonable advance written notice of such intention, such notice to clearly specify the Confidential Material to be disclosed, so as to afford the producing party the opportunity to apply to the Court for an order of non-disclosure or for other protection. Listing of Confidential Material as potential exhibits will satisfy the requirements of this paragraph.

C. The ultimate disposition of any Confidential Material filed with the Court shall be subject to final order of the Court upon completion of litigation.

V.    CONSULTANTS AND EXPERTS.

A. The following provisions shall control the dissemination of Confidential Information to consultants and experts.

1.    A Party proposing to show Confidential Information to a consultant or expert per Section III.A.2, above, shall first submit to the other parties a sworn undertaking, in substantially the format attached hereto as Exhibit A, and a curriculum vitae ("C.V.") which includes the consultant's or expert's name, current business affiliation and address, and any known present or former relationships between the

consultant or expert and the Producing Party or known competitor of the Producing Party. The undertaking and C.V. shall be delivered to the Producing Party by facsimile with confirmatory copy at least ten (10) calendar days prior to the disclosure of any Confidential Information to such consultant or expert.

2.  If a Party receiving a notice pursuant to Section V, objects to such Confidential Information being disclosed to the selected consultant or expert, such Party shall make its objections known to the sender of the notice, via facsimile with a confirmatory copy, within ten (10) calendar days of receipt of the written notification required by Section V. If a written notice of objection is provided, no Confidential Information shall be disclosed to the selected consultant or expert until the objection is resolved by an order of the Court or by an agreement among the Parties involved.

**VI. NO OTHER DISCLOSURE OR USE.**

Under no circumstances shall any Party or person subject to this Order disclose or make use of any Confidential Information designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" that is obtained by the Party or person except for purposes necessary to litigation of this civil action.

**VII. PATENT PROSECUTION.**

Disclosure or use of any Confidential Information designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" is expressly prohibited in the course of advising or consulting on any patent prosecution matters and is expressly prohibited in the course of preparing or prosecuting any patent application, reissue, or reexamination with a priority date earlier than one (1) year after the conclusion of the present litigation, including any appeals.

**VIII. CHALLENGES TO DESIGNATION.**

This Order shall be without prejudice to the right of any Party, any person bound by this Order, or any interested member of the public, to bring before the Court the question of whether any particular item is properly designated "CONFIDENTIAL" or "CONFIDENTIAL –

ATTORNEYS EYES ONLY" or properly designated as Confidential Information under the terms of this Order. The Party challenging the designation of an item as Confidential Information shall make a reasonable and good faith attempt to informally resolve the challenge prior to bringing a motion. Until an order is obtained from the Court, the challenging Party shall treat the item as designated by the Producing Party, pursuant to the terms of this Order.

IX.    THIRD-PARTY PRODUCTIONS.

To the extent that documents, things, and deposition testimony are sought from a third-party, and in the event any documents, things, and/or deposition testimony are obtained from a third-party, such third-party shall have the right to designate any such documents, things, and/or deposition testimony as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" and the use of such Confidential Information by any Receiving Party shall be governed in all respects by the terms of this Order.

X.    LASTING OBLIGATIONS.

A. Upon final termination of this action, the following provisions shall continue in full force and effect, with regard to the subject matter of this Order.

B. All persons subject to the terms hereof shall collect and return to the respective Parties all material designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" and all copies thereof, and shall return or destroy all other outlines, summaries, abstracts, compilations, memoranda and other documents, embodying or concerning such information and materials. Alternatively, all persons subject to the terms of this Order may certify in writing that such materials and documents have been destroyed. Notwithstanding the foregoing, outside counsel for each Party may retain one complete and unredacted set of pleadings and papers filed with the Court or served on the other Parties, including deposition, hearing, and trial transcripts, recordings and exhibits.

C. All obligations and duties arising under this Order shall survive the termination of this action. The Court retains jurisdiction indefinitely over the Parties, and any persons provided access to Confidential Information under the terms of this Order, with respect to any dispute over

JAN-21-2004 WED G4.Ç! PM PROCOPIO, CORY, HARGREAV    FAX NO. 619    P. 02

the improper use of such Confidential Information.

**D. TRIAL.**

This Order shall apply to pre-trial proceedings and not to the trial of this action. The Parties shall address any needed protection for the confidentiality of materials introduced into evidence at trial with the Court at the pretrial conference.

Dated: January 21, 2004

Dated: _1.27.04_

John F. Flannery, Esq.
Karl. R. Fink, Esq.
Michael G. Vranicar, Esq.
Fitch, Even, Tabin & Flannery
120 South La Salle Street, Suite 1600
Chicago, IL 60603-3406
Telephone (312) 577-7000
Facsimile (312) 577-7007
*Attorneys for Plaintiff*
*Bacus Laboratories, Inc.*

Dated: _1/21/04_

Anthony J. Dain (Pro Hac Vice)
Pattric J. Rawlins (Pro Hac Vice)
Procopio, Cory, Hargreaves & Savitch LLP
530 B Street, Suite 2100
San Diego, California 92101-4469
Telephone:    (619) 238-1900
Facsimile:    (619) 235-0398

Robert A. Carson
Shannon L. Clark
Gould & Ratner
222 North LaSalle Street, Eighth Floor
Chicago, Illinois 60601
Telephone:    (312) 236-3003
Facsimile:    (312) 236-3241

*Attorneys for Defendants*
*Aperio Technologies, Inc., and*
*Dakocytomation California, Inc.*

**SO ORDERED:**

Dated: _1-26-04_

Honorable Matthew F. Kennelly
Judge of the United States District Court
Northern District of Illinois

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Bacus Laboratories, Inc., | Civil Action No. 02 CV 9073 |
| | Consolidated with No. 03 CV 2352 |
| Plaintiff | |
| | **STIPULATED PROTECTIVE ORDER** |
| v. | **GOVERNING EXCHANGE OF** |
| | **CONFIDENTIAL INFORMATION** |
| Aperio Technologies, Inc., and | |
| Dakocytomation California, Inc. d/b/a | Honorable Matthew F. Kennelly |
| Dako Corporation, | Magistrate Judge Ian H. Levin |
| | |
| Defendants | |

**Exhibit A**

I, _____, being duly sworn, state that:

1.  My address is _____.

2.  My present employer is _____.

3.  My present occupation or job description is _____.

4.  I have received a copy of the Stipulated Protective Order filed in the above-entitled action, and signed by Judge Kennelly on _____, 2003.

5.  I have carefully read and understand the provisions of the Stipulated Protective Order.

6.  I certify that I am eligible to have access to Confidential Information under the terms of the Stipulated Protective Order; and if necessary thereunder, my curriculum vitae is attached hereto.

7.  I will comply with all provisions of the Stipulated Protective Order.

8.  I will hold in confidence, will not disclose to anyone not qualified under the Stipulated Protective Order, and will use only for purposes of this action, any Confidential Information disclosed to me.

9.     I will return all Confidential Information which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the Party by whom I am retained at the conclusion of my retainer or at the final termination of the litigation.

10. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulated Protective Order in this action.

_____
                                             **(Signature)**

Sworn to and subscribed to me before this
_____ day of _____, 2003.


_____
Notary Public

04/13/2005  16:32  3125777007           FET&F                          PAGE  01/04

3125777007



# Fitch, Even, Tabin & Flannery

### *Intellectual Property Law*

# F A C S I M I L E

Date:  April 13, 2005                                    No. Of Pages  4

From: Nicholas T. Peters, Esq.                           Our File No. 7829/78293

To:

| Pattric J. Rawlins, Esq. | PROCOPIO, CORY, HARGREAVES & SAVITCH LLP | (619) 235-0398 |
|---|---|---|
| | | |

The documents accompanying this facsimile transmittal cover sheet contain information from the law firm of Fitch, Even, Tabin & Flannery which may be confidential and/or legally privileged. The documents are intended only for the personal and confidential use of the addressee identified above. If you are not the intended recipient or an agent responsible for delivering these documents to the intended recipient, you are hereby notified that any review, disclosure, copying, distribution or the taking of any action in reliance on the contents of this transmitted information is strictly prohibited. If you have received this facsimile in error, please immediately notify the Firm so that we can arrange for the return of the original documents to us. Thank you.

120 South La Salle Street, Suite 1600
Chicago, Illinois 60603
Telephone    312.577.7000
Fax          312.577.7007                        **Exhibit C**

RECEIVED TIME   APR. 13.   2:31PM

04/13/2005  16:32     3125777007              FET&F                          PAGE  02/04

3125777007

# FITCH, EVEN, TABIN & FLANNERY

ATTORNEYS AND COUNSELLORS AT LAW

*Established in 1859*

SUITE 1600 · 120 SOUTH LA SALLE STREET
CHICAGO, ILLINOIS 60603-3406
TELEPHONE (312) 577-7000
FACSIMILE (312) 577-7007

CALIFORNIA OFFICES
SUITE 250 · 9276 SCRANTON ROAD, SAN DIEGO, CA 92121
TELEPHONE (858) 552-1311

WARNER CENTER TOWERS, SUITE 760, 21800 OXNARD ST., WOODLAND HILLS, CA 91367
TELEPHONE (818) 719-7025

WASHINGTON, D.C. OFFICE
SUITE 401L · 1801 K STREET, NW, WASHINGTON, D.C. 20006-1201
TELEPHONE (202) 419-7000

COLORADO OFFICE
SUITE 213 · 1942 BROADWAY, BOULDER, COLORADO 80302
TELEPHONE (303) 402-6088

MORGAN L. FITCH, JR.
FRANCIS A. EVEN
JULIUS TABIN
JOHN F. FLANNERY
ROBERT B. JONES
JAMES J. SCHUMANN
JAMES J. HAMILL
TIMOTHY E. LEVSTIK
JOSEPH E. SHIPLEY
KENNETH M. SAMPLES
PHILIP T. PETTI
JOSEPH T. NABOR
STEVEN C. SCHROER
RICHARD A. KABA*
KARL R. FINK
MARK W. HETZLER
TIMOTHY P. MALONEY
JAMES P. KRUEGER
STEPHEN S. FAVAKEH
RICHARD E. WAWRZYNIAK*
STEVEN G. PARMELEE*
THOMAS F. LEBENS*
BRUCE R. MANSFIELD
KRHDREW M. COLTON*
G. PAUL EDGELL
MICHAEL A. BANKO*
SCOTT J. MENGHINI*
NORMAN N. KUNITZ*
RUDY KRATZ
RAMON R. HOCH*
JOHN D. BAUERSFELD*
GARY D. MANN*

EDWARD E. CLAIR
JON A. BIRMINGHAM
JOHN E. LYKUS
STEVEN M. FREELAND*
DONNA E. BECKER
BRIAN S. CLISE
MARTIN R. BADER*
MARK A. BORSOS
TIMOTHY R. BAUMANN
JEFFREY A. CHELSTROM
NICHOLAS T. PETERS
KENNETH E. PLOCHINSKI
GRACE LAW O'BRIEN
CHRISTINE A. ABUEL
TARA M. REEDY

PATENT AGENTS
ERIC J. WHITESELL
LILIA I. SAFONOV
NADA J. ARDELEANU
JULIE A. HOPPER

OF COUNSEL
GEORGE W. SPELLMIRE, JR.
LISA M. SOMMER
GEORGE H. SPENCER, P.C.*

TECHNICAL ADVISOR
JOHN M. BRONK, PH.D.

*NOT ADMITTED TO ILLINOIS BAR

April 13, 2005

VIA FACSIMILE W/ CONFIRMATION

Pattric J. Rawlins, Esq.
PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
530 B Street, Suite 2100
San Diego, California  92101-4469

> Re:  *Bacus Laboratories, Inc. v. Aperio Technologies, Inc., et al.*
>       Civil Action No. 02 CV 9073, N.D. Illinois, E.D.
>       Our File No. 78293 (7829)

Dear Pattric:

The following tables list the portions of the deposition transcripts Bacus Laboratories, Inc. designates as confidential-attorneys eyes only pursuant to the protective order entered by the Court on January 26, 2004.  The tables also contain the reasons for the confidential designations, as you requested.

For the deposition of James W. Bacus, taken on September 28, 2004:

| Transcript Portion | Reason for Confidential Designation |
| --- | --- |
| 27:19 through 28:13[1] | Technical information regarding product development and technical specifications |
| 31:19 through 32:15 | Technical information regarding product development and technical specifications |
| 33:19 through 47:5 | Technical information regarding product development and technical specifications |
| 50:7 through 54:6 | Technical information regarding product development and technical specifications |
| 54:13 through 56:2 | Technical information regarding product development and technical specifications |

---

[1] References to the deposition transcripts will be by page:line number and are inclusive.

RECEIVED TIME  APR. 13.  2:31PM

3125777007

Pattric J. Rawlins, Esq.
April 13, 2005

| Transcript Portion | Reason for Confidential Designation |
|---|---|
| 56:3 through 57:22 | Business information including company size and structure |
| 60:24 through 61:9 | Business information including company size and structure |
| 61:10 through 66:13 | Technical information regarding technical specifications and business information including marketing strategies and business plans |
| 69:2 through 75:9 | Business information including business plans, marketing strategies, and partnership agreements |
| 76:9 through 78:9 | Business information including pricing information and partnership agreements |
| 79:7 through 95:11 | Business information including sales and marketing information and strategies, potential customers and markets, customer communications |
| 95:12 through 95:24 | Business information including investor list and ownership information |
| 96:1 through 99:8 | Business information including revenue and other financial information, board meeting information, and marketing strategies. |

For the deposition of James W. Bacus, taken September 29, 2004:

| Transcript Portion | Reason for Confidential Designation |
|---|---|
| 18:1 through 19:16 | Technical information regarding product development and technical specifications |
| 20:10 through 21:20 | Technical information regarding product development and technical specifications |
| 26:18 through 30:11 | Technical information regarding technical specifications |
| 52:14 through 52:19 | Technical information regarding product development and technical specifications |
| 57:13 through 58:9 | Technical information regarding technical specifications |
| 70:12 through 70:23 | Technical information regarding product development and technical specifications |
| 79:20 through 86:6 | Technical information regarding product development and technical specifications and business information including pricing information and business plans |
| 87:5 through 88:23 | Technical information regarding technical specifications and business information including marketing strategies and business plans |
| 96:8 through 97:1 | Technical information regarding product development and technical specifications |
| 109:9 through 110:6 | Business information including business plans |
| 110:14 through 133:12 | Business information including communications with potential customers, business plans, board meetings, market analysis, customers, licensing |

2

3125777007

Pattric J. Rawlins, Esq.
April 13, 2005

For the deposition of James V. Bacus, taken September 30, 2004:

| Transcript Portion | Reason for Confidential Designation |
|---|---|
| 13:2 through 24:16 | Technical information regarding product development and design and technical specifications |
| 25:13 through 27:14 | Technical information regarding product development and design and technical specifications |
| 35:10 through 41:14 | Technical information regarding product design and technical specifications |
| 45:15 through 49:7 | Technical information regarding product design and technical specifications |
| 61:14 through 62:13 | Technical information regarding product design and technical specifications |
| 66:7 through 73:21 | Technical information regarding product design and technical specifications |
| 84:10 through 87:6 | Business information including business plans and board meetings |
| 89:1 through 104:22 | Technical information regarding product development and design and technical specifications and business information including business plans |
| 107:9 through 120:9 | Business information including communications with customers, business plans, and market analysis and technical issues including product development |

Very truly yours,

FITCH, EVEN, TABIN & FLANNERY

Nicholas T. Peters

NTP/lc/412730

3